Marvin MUNN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 93–CA–2064–DG.

Court of Appeals of Kentucky.

Dec. 16, 1994.

William R. Palmer, Jr., Greenup, for appellant.

Chris Gorman, Atty. Gen., Frankfort, Michael C. Wilson, Greenup County Atty., Greenup, for appellee.

Before GUDGEL, JOHNSTONE and WILHOIT, JJ.

*OPINION AFFIRMING AND REMANDING*

GUDGEL, Judge:

This case is before us on discretionary review from an opinion and order of the Greenup Circuit Court reversing the Greenup District Court's dismissal of charges of cruelty to animals in the second degree against appellant Marvin Munn. Appellant contends that the circuit court erred by finding that the governor's alleged 1980 veto of the Kentucky General Assembly's Senate Bill 263 was valid, and hence, that birds are not excepted from the definition of the word "animal" set forth in KRS 446.010(2), such

that appellant may be prosecuted for cruelty to animals in the second degree. For the reasons set out below, we affirm.

In 1974 our legislature adopted a new penal code by enacting HB 232 into law. Section 331 of HB 232 amended KRS 446.010 by creating a new subsection 2 which for statutory purposes defines the word "animal" as including all warm-blooded living creatures except human beings. Section 223 of the same bill, codified as KRS 525.130, created the Class A misdemeanor offense of cruelty to animals in the second degree, thereby prohibiting any conduct by which an animal is caused to fight for pleasure or profit. As the parties concede such conduct would include the practice of cockfighting, it is clear that in 1974 our state legislature specifically criminalized the practice of cockfighting.

Since 1974 the official editions of the Kentucky Revised Statutes have repeatedly certified that the definition of the word "animal," adopted by the 1974 legislature as KRS 446.010(2), has remained unchanged. However, a March 1990 Legislative Research Commission notation to the statute states as follows:

> The definition of "animal" contained in subsection (2) of this section does not reflect the amendatory language contained in Senate Bill 263 of the 1980 Regular Session of the Kentucky General Assembly because the 1980 Senate Journal indicates that Senate Bill 263 was vetoed by Governor John Y. Brown, Jr., on April 9, 1980, and recommitted by action of the Senate to its Committee on Appropriations and Revenue on April 14, 1980. Senate Bill 263 proposed to change subsection (2) to read as follows: " 'Animal' includes every warm-blooded living creature except birds and human beings;". By a letter dated March 16, 1990, the Attorney General has informally opined that Governor Brown's veto of Senate Bill 263 was not timely; that letter has exhibits showing that the bill was received by the Governor on March 28, 1980, and that his veto was received by the Senate Clerk on April 10, 1980.

Shortly after this prosecution for cockfighting was commenced, appellant filed a motion to dismiss the charges on the ground that in 1980, KRS 446.010(2) was amended by SB 263 to except all birds from the definition of "animal" set forth in KRS 446.010(2), and that the governor's attempted veto of the bill was untimely and invalid. Hence, appellant urged that he could not be prosecuted for cruelty to animals in the second degree for having engaged in cockfighting activities. The district court sustained appellant's motion and dismissed all pending charges. On appeal, the district court's ruling was reversed by the circuit court. We granted discretionary review.

Because appellant has failed to adduce sufficient competent proof to establish whether the governor's veto of SB 263 was untimely, we need not address the merits of his contention regarding this issue. Attached to appellant's motion to dismiss were photocopies of SB 263, of certificates of the chief clerk of the senate regarding the dates upon which SB 263 was allegedly delivered to and received from the governor's office in 1980, and of a receipt for the bill from the governor's staff. Appellant also attached copies of the governor's veto message, of the 1980 senate journal relating to the veto, and of the attorney general's March 16, 1990, opinion which was referred to in the legislative research commission note set forth above. The commonwealth objected to the documents which appellant attached to the motion to dismiss, asserting that the documents were not competent proof regarding the critical fact which appellant claimed they established, i.e., that the governor's veto of SB 263 was untimely. Although the district court disagreed with the commonwealth's argument, the circuit court reversed that decision. On appeal, in support of the circuit court's decision the commonwealth again argues that insufficient competent proof exists to support the district court's finding that KRS 446.010(2) was validly amended in 1980 because the governor's attempted veto of the bill was untimely. As we agree with the commonwealth's argument in this vein, we affirm the circuit court's decision.

KRS 7.138 states in pertinent part as follows:

(1)(a) When any complete official edition of the statutes is published, the director of

the Legislative Research Commission shall issue and the reviser of statutes shall attest to a certificate that the edition contains all statute laws of the Commonwealth of a general nature except those omitted pursuant to KRS 7.134, that the edition has been prepared in a manner acceptable to the Legislative Research Commission so as to insure fidelity of its text with the enrolled bills of the General Assembly, and that, with any changes in form permitted by KRS 7.136 having been incorporated, the sections in the printed edition are correctly printed. A similar certification for each new volume, unit, supplement, or supplemental pocket part of an official edition shall be made, but it need not recite that the volume, unit, supplement, or supplemental pocket part contains all general statute laws. All copies of the edition shall contain a printed copy of the certificate.

. . . .

(3) In any judicial or administrative proceeding, the text of any codified Kentucky statute which is submitted or cited by a party or upon which the court or administrative officer or body relies shall be that text contained in an official edition of the Kentucky Revised Statutes so designated pursuant to KRS 7.132 and bearing the certification provided for by subsection (1) of this section.

Given these statutory mandates, the courts of this state are bound to rely upon the text of KRS 446.010(2) set forth in the official editions of the Kentucky Revised Statutes in determining any issue regarding the precise wording of that statute. As noted earlier, the wording of 446.010(2) in all such official editions of the statute has remained unchanged since its 1974 enactment. Thus, we must rely upon the unchanged version of that statute in deciding this appeal, unless we are satisfied that appellant met his burden below of proving that the statute was amended in 1980 to except birds, and that the governor's attempted veto of that legislation was untimely and invalid. Here, we are satisfied that appellant failed to sustain his burden.

■ The types of documents upon which appellant relied in the trial court are clearly public records. The applicable criminal and evidentiary rules, RCr 9.44 and KRE 1005, specifically require that any such public record must be proven either by the introduction of an attested copy of the record which has been officially certified as accurate, or by the testimony of a witness who has compared the copy with the original and found it to be correct.

■ Here, appellant failed to utilize either of the authorized methods when attempting to prove the contents of the public records which he claims show that the governor's veto was invalid. Moreover, the record before us not only fails to establish by competent proof that the governor untimely vetoed a senate bill amending KRS 446.010(2) so as to except birds from the definition of animal, but it fails to competently establish that such a senate bill was even passed in 1980. Further, the attorney general's opinion of March 16, 1990, states in pertinent part as follows:

This office attempted to review and verify all the original documents available on this matter and interviewed numerous people involved in the process in 1980. However, the original bill, the Governor's veto message and the receipts showing delivery of the bill to the Governor and the return of the bill to the Senate have not been located in Library and Archives, in the office of the Senate Clerk, or in the Office of the Secretary of State.

Thus, it appears that the events surrounding the passage and veto of SB 263 may be established, if at all, only by adducing proof from an appropriate official of each of the offices involved to show that the copies of the relevant documents in the record have been compared with the originals and that the copies are accurate. KRE 902(4). However, for purposes of this appeal, we must interpret appellant's rights in a manner which is consistent with the version of KRS 446.010(2) which appears in the official editions of the Kentucky Revised Statutes. *See* KRS 7.138(3). Because that version of the statute does not except birds from the statutory definition of the word "animal," it follows that the circuit court did not err by reversing the district court's order dismissing this prosecution.

**52**

We further note that the Kentucky General Assembly has conducted at least seven regular sessions since 1980. Apparently there has been no attempt at any of those sessions to amend KRS 446.010(2). We construe the legislators' failure to take any action in this vein as confirming their agreement with the text of the Legislative Research Commissions' 1990 notation regarding KRS 446.010(2).

The circuit court's decision is affirmed, and this matter is remanded to the circuit court with directions that the two pending charges against appellant should be remanded to the district court for prosecution.

All concur.